**NOT FOR PUBLICATION**

**FILED**

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES ERNEST ROJO, AKA James Rojo, AKA James E. Rojo,<br><br>          Plaintiff-Appellant,<br><br>   v.<br><br>DARREN BRIGHT, Chief Medical Officer; et al.,<br><br>          Defendants-Appellees. | No.   15-16703<br><br>D.C. No. 3:12-cv-02518-VC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

James Ernest Rojo, a California state prisoner, appeals pro se from the district

court's judgment in his action under 42 U.S.C. § 1983 and Title II of the

Americans with Disabilities Act ("ADA").  We have jurisdiction under 28 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We may affirm on any basis supported by the record. *Hell's Angels Motorcycle Corp. v. McKinley*, 360 F.3d 930, 933 (9th Cir. 2004). We affirm.

Summary judgment on Rojo's deliberate indifference claim was proper because Rojo failed to raise a genuine dispute of material fact as to whether defendant Bright was deliberately indifferent in treating Rojo's mobility problems. *See Toguchi*, 391 F.3d at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence, medical malpractice, or a difference in opinion are insufficient to establish deliberate indifference).

The district court properly dismissed Rojo's ADA claim because Rojo failed to allege facts sufficient to show that defendants failed to act on Rojo's need for an accommodation. *See Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002) (a "deliberate indifference" standard applies to actions seeking compensatory damages under Title II of the ADA, requiring "both knowledge that a harm to a

15-16703

federally protected right is substantially likely, and a failure to act upon that likelihood").

**AFFIRMED.**